■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO HERNANDEZ, Appellant. [665 NYS2d 848] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered November 27, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues concerning credibility and the reliability of identification testimony were properly presented to the jury and we see no reason to disturb its findings. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE McGUIRE, Appellant. [664 NYS2d 774] —Judgment, Supreme Court, New York County (George Roberts, J., at plea; Mary McGowan Davis, J., at hearing on plea withdrawal motion and sentence), rendered August 14, 1995, convicting defendant, upon his plea of guilty, of operating a motor vehicle while under the influence of alcohol and sentencing him to 60 days imprisonment, 5 years probation, a $1,000 fine, and a 1-year revocation of his driver's license, unanimously affirmed.

Defendant's motion to withdraw his guilty plea was properly denied since the record shows that defendant's plea was entered knowingly, voluntarily, and intelligently, with the effective assistance of counsel (*People v Nixon*, 21 NY2d 338, *cert denied sub nom. Robinson v New York*, 393 US 1067). Counsel's recommendation to defendant to accept a very favorable plea offer was not coercive, but rather fulfilled counsel's duty to warn his client of the risks of going to trial (*see*, *People v Spinks*, 227 AD2d 310, *lv denied* 88 NY2d 995). The time afforded defendant to consider the plea offer was sufficient under the circumstances. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.